# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTOPHER LAMONT RELIFORD, | |
| Plaintiff, | Case No. 17-CV-1168-JPS |
| v. | |
| DORI DARRINGTON and ROYCE GRANT, | **ORDER** |
| Defendants. | |

At the outset of this case, Plaintiff was incarcerated, but he has since been released. On October 25, 2017, Judge Lynn Adelman directed Plaintiff to file a non-prisoner motion for leave to proceed *in forma pauperis* ("IFP") so that the Court could determine whether he needed to pay the remaining balance of the filing fee owed in this matter. (Docket #9). This action was reassigned to this branch of the Court on November 15, 2017.

Plaintiff filed the requested IFP motion on November 9, 2017. (Docket #11). On November 17, 2017, Court rejected the motion because it alleged the unbelievable scenario that Plaintiff had absolutely no income or expenses. (Docket #16). The Court ordered Plaintiff to submit a revised IFP motion no later than December 1, 2017. *Id.* Plaintiff did not submit a motion in that time frame, so the Court ordered him to pay the remainder of the filing fee by December 20, 2017. (Docket #19). That date has passed and the Court has not received the balance of the fee.

On December 13, 2017, Plaintiff filed another IFP motion. (Docket #20). The Court will deny this latest motion for two reasons. First, it is tardy. Plaintiff was afforded ample to submit a revised IFP motion, and offers no

excuse why he did not do so. Even if the Court were inclined to accept the late filing, the motion lacks merit. As with his first IFP motion, Plaintiff claims to have no expenses. *Id.* at 2-4. In the new motion, Plaintiff states that his only income is $2.25 in food stamps. *Id.* at 2. In its November 17 order, the Court specifically directed Plaintiff to explain his finances in the "other circumstances" section of the form motion. (Docket #16 at 2). In the new motion, that section states that Plaintiff's injuries from Defendants' actions caused him to be unemployed and homeless. (Docket #20 at 4). While this is closer to a helpful explanation than his first motion, it still falls short. The docket sheet for this case lists a street address for Plaintiff. More importantly, Plaintiff fails to explain how he has no expenses of any kind. In sum, Plaintiff's submissions fail to establish that he would be unable "to provide himself . . . with the necessities of life" if required to pay the filing fee, and so the Court would not find him indigent. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Because Plaintiff failed to comply with the Court's orders regarding submission of an IFP motion or payment of the filing fee, this action must be dismissed without prejudice. Civ. L. R. 41(c).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #20) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of December, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge